## BELL *v.* BETTON.

The fifth rule of July term, 1840, requiring the plaintiff, in a cause referred to an auditor, to proceed within ninety days to a hearing, does not preclude him from proceeding after the expiration of that time.

ASSUMPSIT. This case was ordered to be audited at the February term, 1845. The plaintiff took out his rule, and the auditor issued his notice to the defendant, dated May 15, 1845, that there would be a hearing on the 30th day of May, 1845. An *ex parte* hearing was had on said day, the defendant not attending.

The report was made at the next term. The defendant objected to the reception of the auditor's report, because the plaintiff did not call out the auditor and proceed to a hearing within ninety days. The court overruled the objection, and to this ruling the defendant excepted.

*Hibbard,* for the defendant.

*C. E. Thompson,* for the plaintiff.

WOODS, J. By the fifth rule of July term, 1840, it is made the duty of the plaintiff, in a cause that has been referred to an auditor, to proceed to a hearing within ninety days ; and if he fail to do so the defendant should proceed before the next term.

The object of the rule was to secure a hearing before the term next after the order of reference, by charging each party successively with the duty of bringing it forward, and consequently with laches in case of a failure. It is the plaintiff's fault if the hearing be not brought on within the first ninety days, and he cannot excuse himself by alleging causes that afterward intervene. After that, the initiative is upon the defendant, who can excuse him-

self only by causes operating after the expiration of the ninety days.

There is nothing, however, in the terms or the meaning of the regulation which precludes the defendant from proceeding within the ninety days, or the plaintiff from proceeding afterwards.

It provides that if the plaintiff fail to proceed within the ninety days, unless the defendant proceed to have the cause heard before the next term, the rule shall be discharged at such next term. But if it is executed in the mean time by the agency of the plaintiff, it shall not be discharged.

The defendant's motion is founded upon the apprehension that the rule precludes either party from proceeding except within the time within which it is made his special duty to proceed. But we regard this view as erroneous. The exception to the report cannot therefore prevail.

*Motion denied.*